IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CYNTHIA B. EGGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-13-CV-343-KC |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Defendant's Motion to Dismiss (the "Motion"), ECF No. 7. By the Motion, Defendant requests that the Court dismiss the above-captioned case (the "Case") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court **GRANTS** the Motion.

I.     BACKGROUND

In June 2013, Plaintiff filed a claim with the Drug Enforcement Agency ("DEA"), alleging that DEA officer Ruth Porter-Whipple ("Porter-Whipple") damaged Plaintiff's vehicle while backing out of a parking stall. *See* ECF No. 1, at 8. In July 2013, the DEA offered Plaintiff $100 to settle her claim. *See* ECF No. 7-3. Plaintiff, deeming this offer "[u]nacceptable," did not respond to this offer, and instead filed suit against Porter-Whipple in the Small Claims/Justice Court of El Paso County, Texas, Precinct Number Four. *See* ECF No. 1, at 5; ECF No. 7-4. The record indicates that DEA did not issue a final denial letter denying Plaintiff's claim before Plaintiff filed this lawsuit. *See* ECF No. 7-4 (demonstrating that the DEA had not yet issued a denial letter as of September 10, 2013, after Plaintiff already filed suit).

Porter-Whipple removed the Case to this Court on October 30, 2013, pursuant to 28

U.S.C. § 1442, which authorizes removal of a case against an officer of the United States acting "under color of office or in the performance of his [or her] duties." Notice of Removal, ECF No. 1, at 1-2. On the same day, Defendant moved to substitute itself as the defendant in the Case in Porter-Whipple's place, so that the Case would thereafter "proceed as an action against the United States[] under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80." *See* ECF No. 2, at 1. Plaintiff did not respond to the motion to substitute, and the Court granted that motion on November 15, 2013. ECF No. 3.

Defendant filed the Motion on December 5, 2013.[1] Plaintiff did not respond to the Motion. *See* W.D. Tex. Local Rule CV-7(e)(2) (establishing time limits in which a party may file a response to a dispositive motion).

## II.   DISCUSSION

### A.   Standard

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobile Corp.*, 545 U.S. at 552. Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a case on the ground that the Court lacks subject matter jurisdiction. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981).

> The district court . . . has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Id*.

---

[1] The Court granted Defendant's motion to file the Motion out of time, ECF No. 6, on December 5, 2013.

Thus, when ruling on a Rule 12(b)(1) motion – unlike when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) – the court may freely consider matters outside the complaint.[2] *Id.* at 412. Also unlike Rule 12(b)(6), the Court "does not accept as true the factual allegations in the live complaint" when ruling on a Rule 12(b)(1) motion on the basis of other evidence in the record.[3] *Romano v. Kardashian*, Civil No. SA–12–MC–605–XR, 2012 WL 3129139, at *3 (W.D. Tex. July 6, 2012), *report and recommendation adopted by* 2012 WL 3114596 (W.D. Tex. July 31, 2012) (citing *Williamson*, 645 F.2d at 413).

### B. Analysis

Defendant argues that the Court lacks subject matter jurisdiction over the Case because Plaintiff failed to exhaust her administrative remedies before filing suit as required by 28 U.S.C. § 2675 of the Federal Tort Claims Act ("FTCA"). *See* Mot. 2. Plaintiff has not responded to Defendant's argument.

The FTCA partially waives the United States' sovereign immunity and allows a plaintiff to sue the federal government for certain torts committed by government officials acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *Smith v. United States*, 507 U.S. 197, 201 (1993). However, a plaintiff's ability to sue the federal government under the FTCA is limited by the following exhaustion of remedies provision:

---

[2] *But see Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (describing when a court may consider documents attached to a motion to dismiss pursuant to Rule 12(b)(6)).

[3] By contrast, "[w]hen a Rule 12(b)(1) motion attacks the lack of subject matter *based on the face of the complaint*, the motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6), in that all factual allegations in the complaint are taken as true and construed favorably to the plaintiff." *Romano*, 2012 WL 3129139, at *3 (citing *Williamson*, 645 F.2d at 412; *Venture I, Inc. v. Orange Cnty., Tex.*, 947 F. Supp. 271, 276 n.7 (E.D. Tex. 1996)).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her] office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

If a plaintiff fails to exhaust his or her remedies by obtaining a final agency denial as required by 28 U.S.C. § 2675(a), the federal district courts lack subject matter jurisdiction over the claim. *See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

28 U.S.C. § 2675(a) does provide that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." However, if a plaintiff "untimely" files suit "before the expiration of the six-month waiting period," the action "cannot become timely by the passage of time after the complaint is filed." *Price*, 69 F.3d at 54 (citing *McNeil v. United States*, 508 U.S. 106 (1993)). Thus, a plaintiff may not commence a lawsuit under the FTCA "unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months." *Id*. (citing 28 U.S.C. § 2675(a)).

The record demonstrates, and Plaintiff does not dispute, that Plaintiff brought suit before obtaining a final denial from the DEA and before 28 U.S.C. § 2675(a)'s six-month waiting period expired. Plaintiff filed a claim with the DEA in June 2013. *See* ECF No. 7-2. The DEA offered Plaintiff $100 in settlement of her claim in July 2013. *See* ECF No. 7-3. Plaintiff filed suit on July 16, 2013 – less than six months after filing her claim with the DEA – and thus before 28 U.S.C. § 2675(a)'s six-month waiting period expired. *See* ECF No. 1, at 5. The record further indicates that the DEA did not finally deny Plaintiff's claim prior to Plaintiff filing suit. *See* ECF

No. 7-4 (indicating that the DEA had not yet issued a denial letter as of September 10, 2013, long after Plaintiff already filed suit).

Thus, Plaintiff failed to exhaust her administrative remedies as required by before 28 U.S.C. § 2675(a). *See Price*, 69 F.3d at 54. Consequently, the Court lacks subject matter jurisdiction over the Case, and must grant the Motion pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Grost v. Terhakopian*, No. EP-12-CV-0114-KC, 2012 WL 2872854, at *1-3 (W.D. Tex. July 12, 2012).

### III. CONCLUSION

It is therefore **ORDERED** that the Motion, ECF No. 7, is **GRANTED**. The Court hereby **DISMISSES** the Case.

The Clerk shall close the Case.

**SO ORDERED**.

**SIGNED this 23rd day of December, 2013.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE